IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA TESCH,

                    Plaintiff,

          v.

ONEMAIN FINANCIAL, INC. f/k/a
CITIFINANCIAL, INC.,
BENEFICIAL FINANCIAL I, INC.
successor by merger to BENEFICIAL
WISCONSIN, INC., and U.S. BANK
NATIONAL ASSOCIATION ND,

                    Defendants.

ORDER

12-cv-273-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case brought under the Fair Credit Reporting Act has been resolved in this court, at least for the time being. Plaintiff Barbara Tesch has settled her claim with Beneficial Financial I, Inc. and those two parties have stipulated to the dismissal of that claim, dkt. #143; I granted defendant U.S. Bank National Association ND's motion for summary judgment, dkt. #134; plaintiff is pursuing her claim against defendant OneMain Financial, Inc. in arbitration. Dkt. #35.

Although there are no proceedings pending in this court, plaintiff's claim against defendant OneMain is preventing the court from entering judgment with respect to the claim against defendant U.S. Bank because the claim against OneMain has been stayed rather than dismissed. In an order dated February 19, 2013, I directed the parties to update the court

1

on the status of the arbitration and to advise the court whether judgment should be entered as to the U.S. Bank claim under Fed. R. Civ. P. 54(b).  In response, plaintiff filed a one-line letter stating that she "will be filing her arbitration claim before the end of the week."  Dkt. #142.  She did not address the question about entering a Rule 54(b) judgment, so I construe her silence to mean that she does not believe she can meet the requirements under that rule.

It is not this court's practice to stay a case indefinitely.  Because plaintiff admits that she is just beginning the arbitration proceedings, it could be many months before the claim against defendant OneMain is before this court, assuming that the parties do not settle in the meantime and one of them appeals the arbitrator's decision.  It makes little sense to keep this case open and prevent a final resolution of the claim against defendant U.S. Bank simply to wait for the resolution of an arbitration proceeding that may never need court approval.

I am aware of the rule that courts generally should stay cases pending arbitration rather than dismiss them, Halim v. Great Gatsby's Auction Gallery, Inc., 516 F.3d 557, 561 (7th Cir. 2008), but I am not aware of any case in which the rule was applied to prevent judgment from being entered with respect to another defendant.  Accordingly, I will give plaintiff an opportunity to show cause why judgment should not be entered as to her claim against defendant U.S. Bank and why her claim against defendant OneMain should not be dismissed without prejudice to filing a new lawsuit if necessary after the arbitration proceedings are finished.  If plaintiff does not believe that her claim against OneMain defendant should be dismissed, she should identify any prejudice that she will suffer as a result of the dismissal.

2

ORDER

IT IS ORDERED that plaintiff Barbara Tesch may have until March 13, 2013 to show cause why her claim against defendant OneMain Financial, Inc. should not be dismissed without prejudice so that judgment may be entered as to her claim against defendant U.S. Bank National Association ND.  If plaintiff does not respond by that date, I will dismiss the claim against defendant OneMain Financial and enter judgment on her claim against U.S. Bank.

Entered this 6th day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3